FILED
2015 Feb-18 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

Russell Hopkins, Plaintiff
1105 Southview Lane, Suite 10
Tuscaloosa, AL 35405
205-246-3172

FILED
2015 FEB 18 A 11: 19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

RUSSELL HOPKINS

    PLAINTIFF

V.    CASE NO. _____

SN SERVICING CORPORATION AND   CV-15-TMP-0295-W
CITIFINANCIAL SERVICING LLC AND
RACHEL R. FRIEDMAN

    DEFENDANTS
_____/

## COMPLAINT

### COUNT I – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Comes now the plaintiff Russell Hopkins sues the defendant SN SERVICING CORPORATION for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

While the defendant has no legal right or secured interests in the plaintiff's property, the defendant in the previous lawsuit filed by the plaintiff Bayview Loan Servicing, LLC, notified the plaintiff that the defendant was the new servicing agent in November of 2014. The defendant has since been claiming to have the same legal rights or interest in the plaintiff's property as Bayview Loan Servicing, LLC.

Additionally, it has used these notices to intimidate the plaintiff and coerce him into making financial disclosures to itself and third parties, thereby waiving rights over these disclosures and providing more information that might be used to continue this and other false debt collections against the plaintiff.

The defendant is involved in a debt collection or foreclosure action against the plaintiff in Tuscaloosa Alabama.

Plaintiff entered into a collateral agreement known as a trust deed involving her property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This trust deed did not name or confer any power upon the defendants.

At some time after this trust deed was recorded, the defendant began attempting to foreclose under the terms of the trust deed, as if it were the holder or in control of the note and trust deed, while it is not.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendant also threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiff, evict her, and then sue her for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendant asked the Plaintiff for the location of her place of employment and threatened to garnish her wages.

The defendant also sent financial disclosure forms to the plaintiff stating that if these disclosures were made that the defendant would "probably" not foreclose upon her property. Additionally, these foreclosure forms named a third party for which the plaintiff had no prior business with and to which had never authorized the disclosure of any banking or financial or personal identifying information.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting her.

The Defendant has undertaken actions to intimidate the plaintiff by having individuals trespass on her property and taking photographs without permission, looking through her windows and knocking on the door to ask if the defendant or its agents can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The defendant contacted third parties to discuss the foreclosure action, including neighbors and family members and also made inquiries on plaintiff's credit report without any permissible purpose.

The Plaintiff has suffered actual damages as a result of the defendant's attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant have somehow acquired the personal and banking information of the plaintiff and has used that information for its own personal gain and benefit without any permissible purpose.  The defendant has also disclosed this banking and personal information to third parties and third parties that have no legal interests or rights in the plaintiff's property.

Defendant is a third party debt collector subject to the provisions and penalties of the Fair Debt Collection Practices Act.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT II – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Comes now the plaintiff Russell Hopkins and sues the defendant CITIFINANCIAL SERVICING LLC for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

While the defendant has no legal right or secured interests in the plaintiff's property, it has filed a motion to dismiss in this case as if it was a party named in the proceeding. The defendant claims that it has some legal right or interest in the plaintiff's property, in fact, it makes the same claims as does Citifinancial Corporation, LLC, a company is claims to have recently acquired.

The defendant is involved in a debt collection or foreclosure action against the plaintiff in Tuscaloosa Alabama.

Plaintiff alleges the facts stated in the audit report attached as Exhibit B and each are incorporated herein by direct reference as part of this complaint.

Plaintiff entered into a collateral agreement known as a trust deed involving her property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This trust deed did not name or confer any power upon the defendants.

At some time after this trust deed was recorded, the defendant began attempting to foreclose under the terms of the trust deed, as if it were the holder or in control of the note and trust deed, while it is not.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendant also threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiff, evict her, and then sue her for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

While the defendant has no legal right or secured interests in the plaintiff's property, it has continued to make false certifications and false notices indicating its intent to foreclose upon the plaintiff's property.

Additionally, it has used these notices to intimidate the plaintiff and coerce him into making financial disclosures to itself and third parties, thereby waiving rights over these disclosures and providing more information that might be used to continue this and other false debt collections against the plaintiff.

The Defendant asked the Plaintiff for the location of his place of employment and threatened to garnish her wages.

The defendant also sent financial disclosure forms to the plaintiff stating that if these disclosures were made that the defendant would "probably" not foreclose upon her property. Additionally, these foreclosure forms named a third party for which the plaintiff had no prior business with and to which had never authorized the disclosure of any banking or financial or personal identifying information.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting her.

The Defendant has undertaken actions to intimidate the plaintiff by having individuals trespass on her property and taking photographs without permission, looking through her windows and knocking on the door to ask if the defendant or its agents can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The defendant contacted third parties to discuss the foreclosure action, including neighbors and family members and also made inquiries on plaintiff's credit report without any permissible purpose.

The Plaintiff has suffered actual damages as a result of the defendant's attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant have somehow acquired the personal and banking information of the plaintiff and has used that information for its own personal gain and benefit without any permissible purpose. The defendant has also disclosed this banking and personal information to third parties and third parties that have no legal interests or rights in the plaintiff's property.

Defendant is a third party debt collector subject to the provisions and penalties of the Fair Debt Collection Practices Act.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees

and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT III – COMPLAINT – DISCLOSURE AND PROCEDURAL VIOLATIONS OF THE REAL ESTATE & SETTLEMENT PROCEDURES ACT, 12 U.S.C, §§ 2601 et seq.

This is an action for damages brought by an individual consumer, Russell Hopkins, against the Defendant SN SERVICING CORPORATION for violations the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA").

While the defendant has no legal right or secured interests in the plaintiff's property, the defendant in the previous lawsuit filed by the plaintiff, Bayview Loan Servicing, LLC, notified the plaintiff that the defendant was the new servicing agent as of November 18th 2014; however, Bayview never obtained any rights to service the plaintiff's account in the first place and no rights to convey the same to the defendant. The defendant has since been claiming to have the same legal rights or interest in the plaintiff's property that were claimed by Bayview Loan Servicing, LLC.

Plaintiff seeks the remedies as provided in RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's mortgage loans as required by 12 U.S.C. § 2605(e).

This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§157(b)(2), 1334.

The plaintiffs reside in Tuscaloosa County, Alabama for all times material to this complaint.

The defendant is currently doing business in the State of Alabama.

This is an action for damages in excess of $75,000.

This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

The plaintiffs is a natural person residing in Tuscaloosa County, Alabama at the address of 3973 Brentwood Street, Northport, Alabama.

Plaintiff re-alleges the statements made previously regarding the note and trust deed.

To the best of Plaintiff's knowledge, information and belief, this mortgage lien is serviced by one or more of the named defendants but that is uncertain as this information is not available to the plaintiff and partially forms the basis of this complaint.

Plaintiff believes and therefore alleges that the true holder and owners of the note relating to this mortgage lien is or are unknown and defendants have refused to disclose this information.  It is possible that the note no longer exists and was deliberately destroyed by one of the foreclosing parties.

The mortgage lien is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and therefore subject to RESPA.

The plaintiff re-alleges each of the foregoing allegations and incorporates each by reference into the following.

Plaintiff's "qualified written request" to the defendants is defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)] and has the dual effect of invoking Plaintiff's rights under RESPA §6(e)(1).

Defendant failed to acknowledge receipt of the Qualified Written Request within 20 days as required by U.S.C. Section 2605(e)(1)(A) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

Defendant failed to identify the owner of the note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as of this date has failed to respond as required by the Real Estate and Settlement Procedures Act, thus violating 12 U.S.C. §2605(e)(1).

Plaintiffs demands a jury trial.

WHEREFORE, the Plaintiffs having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

That the Plaintiffs be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and That the Plaintiff be granted actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding; and that the Plaintiff have such other and further relief as the Court may deem just and proper.

**COUNT IV – COMPLAINT – DISCLOSURE AND PROCEDURAL VIOLATIONS OF THE REAL ESTATE & SETTLEMENT PROCEDURES ACT, 12 U.S.C, §§ 2601 et seq.**

This is an action for damages brought by an individual consumer, Russell Hopkins, the Plaintiff, who now sues CITIFINANCIAL SERVICING LLC, individually and collectively, (henceforth "foreclosing party" or "defendants") for violations the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA").

While the defendant has no legal right or secured interests in the plaintiff's property, it has filed a motion to dismiss in this case as if it was a party named in the proceeding. The defendant claims that it has some legal right or interest in the plaintiff's property, in fact, it makes the same claims as does Citifinancial Corporation, LLC, a company is claims to have recently acquired.

Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's mortgage loans as required by 12 U.S.C. § 2605(e).

This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§157(b)(2), 1334.

This is an action for damages in excess of $75,000.

This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

Each of the plaintiffs is a natural person residing in Tuscaloosa County, Alabama at the address of 3973 Brentwood Street, Northport, Alabama.

The defendant is presumably an Alabama law firm and an attorney that is resident in the state of Alabama and is currently doing business in the County of Tuscaloosa.

Plaintiff re-alleges the statements made previously regarding the note and trust deed.

To the best of Plaintiffs' knowledge, information and belief, this mortgage lien is serviced by one or more of the named defendants but that is uncertain as this information is not available to the plaintiff and partially forms the basis of this complaint.

Plaintiffs believe and therefore alleges that the true holder and owners of the note relating to this mortgage lien is or are unknown and defendants have refused to

disclose this information. It is possible that the note no longer exists and was deliberately destroyed by one of the foreclosing parties.

While the defendant has no legal right or secured interests in the plaintiff's property, it has continued to make false certifications and false notices indicating its intent to foreclose upon the plaintiff's property.

Additionally, it has used these notices to intimidate the plaintiff and coerce he into making financial disclosures to itself and third parties, thereby waiving rights over these disclosures and providing more information that might be used to continue this and other false debt collections against the plaintiff.

Plaintiff had requested the disclosure of records and information that her lender would be expected to have such as written agreements and permission to use her personal, financial and banking information, along with documents demonstrating that the defendant has some legitimate claim or legal rights to the plaintiff's property. While responses were made, these were evasive, incomplete and in fact, non-responsive.

The mortgage lien is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and therefore subject to RESPA.

The plaintiff re-alleges each of the foregoing allegations and incorporates each by reference into the following.

Plaintiff's "qualified written request" to the defendants is defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)] and has the dual effect of invoking Plaintiff's rights under RESPA §6(e)(1).

Defendant failed to acknowledge receipt of the Qualified Written Request within 20 days as required by U.S.C. Section 2605(e)(1)(A) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

Defendant failed to identify the owner of the note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as of this date has failed to respond as required by the Real Estate and Settlement Procedures Act, thus violating 12 U.S.C. §2605(e)(1).

Plaintiff demands a jury trial.

WHEREFORE, the Plaintiff having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

That the Plaintiff be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and That the Plaintiff be granted actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding; and that the Plaintiff have such other and further relief as the Court may deem just and proper.

## COUNT V – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Comes now the plaintiff Russell Hopkins and sues the defendant RACHEL R. FRIEDMAN for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The defendant is involved in a debt collection or foreclosure action against the plaintiff in Tuscaloosa Alabama and claims to be the attorney for the other defendants having rights under a trust deed that is encumbering plaintiff's property.

Plaintiff entered into a collateral agreement known as a trust deed involving her property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This trust deed did not name or confer any power upon the defendants.

At some time after this trust deed was recorded, the defendant began attempting to foreclose under the terms of the trust deed, as if it were the holder or in control of the note and trust deed, while it is not.

The Defendant has begun attempting to collect this debt from the Plaintiff.

Plaintiff alleges the facts stated in the audit report attached as Exhibit B and each are incorporated herein by direct reference as part of this complaint.

The Defendant also threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiff, evict her, and then sue her for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

While the defendant has no legal right or secured interests in the plaintiff's property, it has continued to make false certifications and false notices indicating its intent to foreclose upon the plaintiff's property.

Additionally, it has used these notices to intimidate the plaintiff and coerce he into making financial disclosures to itself and third parties, thereby waiving rights over these disclosures and providing more information that might be used to continue this and other false debt collections against the plaintiff.

The Defendant asked the Plaintiff for the location of her place of employment and threatened to garnish her wages.

The defendant also obtained financial, banking and personal identifying information about the plaintiff from the other defendants and has been using this information without any legal rights and without the permission of the plaintiff. The defendant has failed or refused to disclose the terms of her document retention policy for retaining such information and her authority for obtaining it or using it.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting her.

The Defendant has undertaken actions to intimidate the plaintiff by having individuals trespass on her property and taking photographs without permission, looking through her windows and knocking on the door to ask if the defendant or its agents can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The defendant contacted third parties to discuss the foreclosure action, including neighbors and family members and also made inquiries on plaintiff's credit report without any permissible purpose.

The Plaintiff has suffered actual damages as a result of the defendant's attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant have somehow acquired the personal and banking information of the plaintiff and has used that information for its own personal gain and benefit without any permissible purpose.  The defendant has also disclosed this banking and personal information to third parties and third parties that have no legal interests or rights in the plaintiff's property.

Defendant is a third party debt collector subject to the provisions and penalties of the Fair Debt Collection Practices Act.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3); C. An award of actual damages; and D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT VI – COMPLAINT – DISCLOSURE AND PROCEDURAL VIOLATIONS OF THE REAL ESTATE & SETTLEMENT PROCEDURES ACT, 12 U.S.C, §§ 2601 et seq.

This is an action for damages brought by an individual consumer, Russell Hopkins, the Plaintiff, who now sues defendant RACHEL R. FRIEDMAN, for violations the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA").

While the defendant has no legal right or secured interests in the plaintiff's property, it has continued to make false certifications and false notices indicating its intent to foreclose upon the plaintiff's property.

Additionally, it has used these notices to intimidate the plaintiff and coerce he into making financial disclosures to itself and third parties, thereby waiving rights over these disclosures and providing more information that might be used to continue this and other false debt collections against the plaintiff.

The defendant also obtained financial, banking and personal identifying information about the plaintiff from the other defendants and has been using this information without any legal rights and without the permission of the plaintiff. The defendant has failed or refused to disclose the terms of her document retention policy for retaining such information and her authority for obtaining it or using it.

Plaintiff had requested the disclosure of records and information that his lender would be expected to have such as written agreements and permission to use her personal, financial and banking information, along with documents demonstrating that

the defendant has some legitimate claim or legal rights to the plaintiff's property. While responses were made, these were evasive, incomplete and in fact, non-responsive.

Plaintiff seeks the remedies as provided in RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's mortgage loans as required by 12 U.S.C. § 2605(e).

This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§157(b)(2), 1334.

The plaintiffs reside in Tuscaloosa County, Alabama for all times material to this complaint.

The defendant is currently doing business in the State of Alabama.

Plaintiff alleges the facts stated in the audit report attached as Exhibit B and each are incorporated herein by direct reference as part of this complaint.

This is an action for damages in excess of $75,000.

This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

Each of the plaintiffs is a natural person residing in Tuscaloosa County, Alabama at the address of 3973 Brentwood Street, Northport, Alabama. Plaintiff re-alleges the statements made previously regarding the note and trust deed.

The defendant is involved in a debt collection or foreclosure action against the plaintiff in Tuscaloosa Alabama and claims to be the trustee having rights under a trust deed that is encumbering plaintiff's property.

To the best of Plaintiff's knowledge, information and belief, this mortgage lien is serviced by one or more of the named defendants but that is uncertain as this information is not available to the plaintiff and partially forms the basis of this complaint.

Plaintiff believes and therefore alleges that the true holder and owners of the note relating to this mortgage lien is or are unknown and defendants have refused to disclose this information. It is possible that the note no longer exists and was deliberately destroyed by one of the foreclosing parties.

The mortgage lien is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and therefore subject to RESPA.

Plaintiff's "qualified written request" to the defendants is defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)] and has the dual effect of invoking Plaintiff's rights under RESPA §6(e)(1).

Defendant failed to acknowledge receipt of the Qualified Written Request within 20 days as required by U.S.C. Section 2605(e)(1)(A) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

Defendant failed to identify the owner of the note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as of this date has failed to respond as required by the Real Estate and Settlement Procedures Act, thus violating 12 U.S.C. §2605(e)(1).     Plaintiffs demands a jury trial.

WHEREFORE, the Plaintiffs having set forth his claims for relief against the Defendant respectfully prays of the Court as follows: That the Plaintiffs be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and That the Plaintiff be granted actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding; and that the Plaintiff have such other and further relief as the Court may deem just and proper.

DATED this 17th day of FEBUARY 2015.

Russell Hopkins, Plaintiff

Russell Hopkins, Plaintiff
1105 Southview Lane, Suite 10
Tuscaloosa, AL 35405
205-246-3172

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

RUSSELL HOPKINS

    PLAINTIFF

v.                                              CASE NO. _____

SN SERVICING CORPORATION AND                    CV-15-TMP-0295-W
CITIFINANCIAL SERVICING LLC AND
RACHEL R. FRIEDMAN

    DEFENDANTS
_____/

## CERTIFICATE OF SERVICE

I Russell Hopkins hereby certify that a true and correct copy of the foregoing was served upon the Defendants' attorney Rachel R. Friedman at the address of 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203, by first class mail on this 17th day of FEBUARY 2015

By: [signature]