FILED
2015 Jul-17 PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RUSSELL HOPKINS, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | 7:15-cv-00295-LSC |
| ) | |
| SN SERVICING ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF OPINION

Before the Court is Defendants' motion to dismiss for failure to prosecute. (Doc. 26.) For the reasons stated below, this motion is due to be GRANTED.

I.  Background

Russell Hopkins ("Hopkins"), acting *pro se*, filed his complaint against the Defendants, along with a motion for leave to proceed *in forma pauperis*, on February 18, 2015. The case was originally assigned to Magistrate Judge T. Michael Putnam, who granted the motion for leave to proceed *in forma pauperis* on March 16, 2015. On March 23, 2015, Hopkins filed his notification of addresses for service. (Doc. 7.) This was the last action taken by Hopkins to prosecute his case.

On April 27, 2015, this case was reassigned to this Court due to lack of

unanimous consent to jurisdiction by a Magistrate Judge. On June 19, 2015, the Court set a Scheduling Conference for July 6, 2015, in a text Order stating that "one attorney or pro se litigant for each party must attend the conference in person." Notice of the conference was mailed to Hopkins. However, Hopkins failed to appear at the July 6 scheduling conference, and has not provided any explanation for this failure.

On June 17, 2015, Defendant Rachel R. Friedman filed a motion for summary judgment (Doc. 21) and motion for sanctions against Hopkins. (Doc.22.) On June 23, 2015, the Court entered an order directing Hopkins to file a response to the motion for sanctions within twenty days, and directing Hopkins attention to the rules on responding to summary judgment contained in the Court's Uniform Initial Order. (Doc. 24.) Hopkins has failed to file any response to either of these motions.

Hopkins had previously filed another lawsuit asserting similar claims against Defendant CitiFinancial, which was removed to Federal court on July 25, 2014. *See Hopkins v. Bayview Loans Servicing, et al.*, No. 7:14-cv-01435-RDP-TMP (Doc. 1-1). CitiFinancial was ultimately terminated from that case, as Hopkins filed an amended complaint which did not name them as a defendant. *Hopkins*, No. 7:14-cv-01435-RDP-TMP (Doc. 27). That case was ultimately dismissed on June 10, 2015 for lack of prosecution. *Hopkins*, No. 7:14-cv-01435-RDP-TMP (Doc. 37).

On July 7, 2015, the Defendants filed the instant motion to dismiss for lack of

prosecution.

II.   Analysis

Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967)).

Hopkins has failed to make any appearance in this case since filing a notification of addresses for service on March 16, 2015, and has failed to follow the Court's orders directing him to appear at a scheduling conference and respond to Defendant's motions. Accordingly, this action is due to be dismissed for failure to prosecute.

III.   Conclusion

For the foregoing reasons, Defendants motion to dismiss (Doc. 26) is due to be GRANTED, and this case is due to be DISMISSED without prejudice. A separate order will be entered.

Done this 17th day of July 2015.

*[signature]*

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

177825